1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7
HILDA L. SOLIS, SECRETARY                    No. C 08-4854 PJH
8  OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,                         **ORDER GRANTING MOTION**
9                                            **TO STRIKE**
                Plaintiff,
10
      v.
11
ZENITH CAPITAL, LLC, et al.,
12
                Defendants.
13  _____/

14         Before the court is a motion to strike filed by Hilda Solis, Secretary of Labor, United

15  States Department of Labor ("Secretary" or "plaintiff"), seeking to strike the affirmative

16  defenses asserted by defendants Zenith Capital, LLC, Rick Tasker ("Tasker"), Michael

17  Smith ("Smith") and Martel Cooper ("Cooper") (collectively "defendants").  Defendants

18  oppose the motion.  Because the court finds this matter suitable for decision without oral

19  argument, the hearing date of May 13, 2009 is VACATED pursuant to Civil Local Rule

20  7-1(b).  Having carefully reviewed the parties' papers and considered the relevant legal

21  authority, the court hereby GRANTS the Secretary's motion to strike, for the reasons stated

22  below.

23                                  **BACKGROUND**

24         The Secretary commenced the instant action against defendants on October 23,

25  2008 to redress violations and enforce provisions of Title I of the Employee Retirement

26  Income Security Act of 1974, 29 U.S.C. §§ 1001-1191c ("ERISA").  Compl. ¶ 1.  The

27  Secretary alleges that defendants Tasker, Smith and Cooper were owners of and

28  investment advisers with Zenith Capital, and that they provided investment advisory

United States District Court

For the Northern District of California

1 services to fourteen ERISA-covered employee benefit plans ("ERISA Plans").  Id. ¶¶ 9, 13.

2 More particularly, the Secretary alleges that defendants provided investment advice as to

3 the purchase and sale of securities or other property for a fee, and that such services were

4 the primary basis for investment decisions with respect to the assets of the ERISA Plans.

5 Id. ¶ 21.

6        The Secretary further alleges that defendants, by virtue of their discretionary control

7 and authority over the assets and investments of the ERISA Plans, and the management

8 and disposition of those assets and investments, served as fiduciaries to the ERISA Plans

9 within the meaning of ERISA.  See Compl. ¶¶ 14-21.  According to the Secretary,

10 defendants, in their capacities as fiduciaries violated numerous provisions of ERISA by

11 breaching a number of fiduciary responsibilities, obligations or duties, causing the ERISA

12 Plans to suffer injury and losses for which the ERISA Plans are subject to equitable relief.

13 Id. ¶¶ 51-52, 55-56.

14        To this end, the Secretary filed the instant action, alleging two claims for relief under

15 ERISA: (1) breach of fiduciary duties, and (2) violation of prohibited transactions.  Compl.

16 ¶¶  50-57.  Through this action, the Secretary seeks a variety of equitable remedies,

17 including restitution to the ERISA Plans for all losses resulting from defendants' breaches

18 of fiduciary duties, rescission of the illegal prohibited transactions, and an injunction against

19 defendants prohibiting them from future service as fiduciaries to ERISA-covered plans.  Id.

20 ¶ 58.  According to the Secretary, this lawsuit was brought in the public interest to advance

21 the public policy embodied in ERISA's regulatory scheme, including, among other things,

22 assuring the uniform enforcement of ERISA's fiduciary obligations and maintaining public

23 confidence in the integrity of employee benefit plans.

24        On January 6, 2009, defendants filed their answer to the complaint, asserting seven

25 affirmative defenses: (1) statute of limitations; (2) waiver; (3) release; (4) estoppel; (5)

26

27

28

laches; (6) accord and satisfaction; and (7) unstated affirmative defenses.[1]  On January 26, 2009, the Secretary filed a motion to strike defendants' affirmative defenses.  Defendants filed an opposition on April 22, 2009.  A reply was filed on April 29, 2009.

## DISCUSSION

The Secretary moves to strike all of defendants' affirmative defenses on the grounds that these defenses: (1) are not pled with sufficient particularity to provide the Secretary "fair" notice of the defenses being advanced; (2) are insufficient as a matter of law; and (3) will prejudice the Secretary by requiring her to spend substantial time and resources conducting discovery to ascertain the bases of the defenses being advanced.

A.     Standard

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "To strike an affirmative defense, the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.' "  S.E.C. v. Sands, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995).  A defense is ordinarily not held to be insufficient "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings."  Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991).

A defense is also insufficient if it does not provide the plaintiff with "fair notice" of the defense.  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (Affirmative defenses are governed by the same pleading standard as complaints, and therefore must give plaintiff "fair notice" of the defense being advanced.).

---

[1] The court notes that while the answer purports to assert eight affirmative defenses, it only alleges seven affirmative defenses due a typographical error in the numbering of the defenses.  The court will refer to the affirmative defenses as they are numbered in the answer.

United States District Court

For the Northern District of California

1   Where an affirmative defense simply states a legal conclusion or theory without the support

2   of facts explaining how it connects to the instant case, it is insufficient and will not withstand

3   a motion to strike.  See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649

4   (9th Cir. 1984).

5         Unless the defense is one that falls under Rule 9, there is no requirement that a

6   party plead an affirmative defense with particular specificity.  Wong v. U.S., 373 F.3d 952,

7   969 (9th Cir. 2004).  Thus, in some cases, simply pleading the name of the affirmative

8   defense is sufficient.  See Woodfield v. Nationwide Mutual Ins. Co., 193 F.3d 354, 362 (5th

9   Cir. 1999).  Other affirmative defenses, however, require greater specificity.  See id. (baldly

10   "naming" the broad affirmative defense of "waiver and/or release" falls well short of the

11   minimum particulars needed to identify the affirmative defense and provide "fair notice").

12         The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and

13   money that will arise from litigating spurious issues by dispensing with those issues prior to

14   trial.  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  If the defense

15   asserted is invalid as a matter of law, the court should determine the issue prior to a

16   needless expenditure of time and money.  Hart v. Baca, 204 F.R.D. 456, 457 (C.D. Cal.

17   2001).  However, motions to strike should not be granted unless it is clear that the matter to

18   be stricken could have no possible bearing on the subject matter of the litigation.  Colaprico

19   v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991); see also Wright &

20   Miller, Federal Practice and Procedure: Civil 3d § 1381 ("Motions to strike a defense as

21   insufficient are not favored . . . because of their somewhat dilatory and often harassing

22   character.  Thus, even when technically appropriate and well-founded, Rule 12(f) motions

23   often are not granted in the absence of a showing of prejudice to the moving party.");

24   Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868

25   (5th Cir. 1962).  The Ninth Circuit has stated that prejudice can arise from allegations that

26   cause delay or confusion of the issues.  Sands, 902 F.Supp. at 1166 (citing Fantasy, Inc. v.

27   Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517

28

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1   (1994)).

2       A decision to strike material from the pleadings is vested to the sound discretion of

3   the trial court.  Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).  If the court

4   chooses to strike a defense, leave to amend should be freely given so long as there is no

5   prejudice to the opposing party.  Qarbon.com, 315 F.Supp.2d at 1049 (citing Wyshak, 607

6   F.2d at 826).

7   B.    Analysis

8        1.    Statute of Limitations

9       Defendants' first affirmative defense states, in pertinent part: "the Complaint, in its

10  entirety, is barred by the applicable statutes of limitations."  In their opposition brief,

11  defendants argue that this defense is premised on the theory that "the United States had all

12  the knowledge needed to bring a claim more than three years before the execution of the

13  tolling agreement."  In support of their position, defendants point to paragraph 32 of the

14  answer, which alleges that "[t]he United States and the general public knew of any actual

15  breach or violation relevant to this action more than three years prior to April 27, 2007, the

16  effective date of the tolling agreement between Defendants and the Secretary of the

17  Department of Labor."

18      Although unclear from the allegations in the answer, defendants' position, as set

19  forth in their opposition brief, appears to be that the Secretary's claims are time-barred

20  because the Securities and Exchange Commission ("SEC") knew of any actual breach or

21  violation relevant to this action more than three years prior to the tolling agreement, and

22  that this knowledge can be imputed to the Secretary based on the agencies' "longstanding

23  relationship" of sharing information.  Defendants maintain that the facts alleged in the

24  answer, in conjunction with the admitted existence of a sharing relationship between the

25  SEC and the Secretary, preclude a finding that their statute of limitations defense is

26  insufficient as a matter of law.

27      In addition, defendants argue that the statute of limitations defense is viable because

28

5

United States District Court

For the Northern District of California

1    of the "six year limitations period, which does not rely on knowledge of or actions by

2    Plaintiff."  According to defendants, this defense is premised on the theory that defendants

3    have admitted facts that relate to transactions that occurred more than six years from the

4    effective date of the tolling agreement.

5          The court finds such pleading insufficient to withstand the Secretary's motion to

6    strike.  The legal conclusion that the complaint "is barred by the applicable statutes of

7    limitation," is inadequate to provide "fair notice" of this defense.  Defendants have failed to

8    adequately plead the applicable statutes of limitations upon which they rely.  See Wyshak,

9    607 F.2d at 827 (finding sufficient defendant's allegation that "plaintiff's claims are barred

10   by the applicable statute of limitations," where an "attached memorandum made specific

11   mention of Cal.Code Civ. Proc. § 338.1 as the statute of limitations upon which [defendant]

12   relied").  Defendants' vague allegation that the United States had knowledge about a

13   breach or violation relevant to this action more than three years prior to a tolling agreement

14   entered into between defendants and the Secretary, is insufficient to state a viable statute

15   of limitations defense.  The court notes that to the extent defendants seek to rely upon a

16   six-year statute of limitations, there is no allegation in the answer identifying such a

17   limitations period.  In short, as pleaded, the allegations in the answer fail to sufficiently

18   identify any applicable statute of limitations and explain how this limitations period relates to

19   the instant case

20         Accordingly, because defendants have not given the Secretary "fair notice" of the

21   defense being advanced, defendants' first affirmative defense is STRICKEN.  The court

22   finds that the Secretary will suffer prejudice in the form of delay and confusion if this

23   defense is not stricken.  However, because this defense may be viable if pleaded in a

24   manner sufficient to put the Secretary on notice of the applicable statutes of limitations

25   upon which defendants rely, the court will afford defendants the opportunity to amend to

26   include more specific allegations.  Finally, to the extent that the Secretary asks the court to

27   strike this defense on the ground that it is insufficient as a matter of law, the court declines

28

United States District Court

For the Northern District of California

1   to do so.  The Secretary has not persuaded the court that under no set of circumstances

2   could this defense succeed.

3           2.      Waiver

4           Defendants' second affirmative defense states, in pertinent part: "Plaintiff's claims

5   are barred because the subject ERISA Plans knowingly waived any claim against

6   Defendants."  In their opposition brief, defendants generally argue, without citation to

7   authority, that "[w]hile the defenses of waiver, estoppel, release, and accord and

8   satisfaction may not relate to each of the plans that are the subject of Plaintiff's action, it

9   cannot be stated that as a matter of law those defenses are insufficient as to all the subject

10  plans."  This is because "fiduciaries of two of the plans . . . separately filed lawsuits against

11  Defendants and entered into settlements with Defendants."  Defs.' Opp. at 8 (emphasis in

12  original).  Defendants further argue that the Secretary's "[c]laims should also be barred as

13  to four other subject plans that did not suffer any loss . . ." Id. (emphasis in original).

14          "Waiver is the intentional relinquishment of a known right with knowledge of its

15  existence and the intent to relinquish it."  United States v. King Features Entm't, Inc., 843

16  F.2d 394, 399 (9th Cir. 1988).  The court finds that defendants have not alleged any facts

17  that would support a defense of waiver against the Secretary, such as facts demonstrating

18  that the Secretary (or anyone on her behalf) expressly waived the government's rights

19  against defendants.  Instead, defendants have merely pleaded a legal conclusion which is

20  insufficient to withstand the Secretary's motion to strike.  Accordingly, defendants' second

21  affirmative defense is stricken.  Because this defense is predicated on the settlement of

22  separately filed lawsuits instituted by private litigants, i.e., fiduciaries of two of the subject

23  ERISA Plans, this defense is STRICKEN WITH PREJUDICE.  Defendants did not cite any

24  authority supporting their position; namely, that the ERISA Plans' waiver of their claims

25  against defendants operates as a waiver of the Secretary's claims against defendants.

26          In fact, such a finding would contravene the Secretary's independent and unqualified

27  right to sue and seek redress for ERISA violations on the basis that ERISA plans

28

7

United States District Court
For the Northern District of California

1    significantly affect the "national public interest."  See Herman v. South Carolina Nat'l Bank,

2    140 F.3d 1413, 1423-25 (11th Cir. 1998) (holding that a private litigant's settlement does

3    not bar a Secretary's independent action to address ERISA violations; observing that it is

4    well-established that the government is not bound by private litigation when the

5    government's action seeks to enforce a federal statute that implicates both public and

6    private interests).  While private ERISA litigants seek to redress individual grievances, the

7    Secretary, in suing for ERISA violations, seeks not only to recoup plan losses, but also to

8    supervise enforcement of ERISA, to guarantee uniform compliance with ERISA, to expose

9    and deter plan asset mismanagement, to protect federal revenues, to safeguard the

10   enormous amount of assets and investments funded by ERISA plans, and to assess civil

11   penalties for ERISA violations.  Id. at 1423-24 (under ERISA's statutory framework, private

12   plaintiffs do not adequately represent, and are not charged with representing, the broader

13   national public interests represented by the Secretary).

14         In Herman, the court stated that the ERISA enforcement scheme is undermined if

15   private litigants can sue ERISA violators first, reach a settlement, and bar the Secretary's

16   action.  Herman, 140 F.3d at 1425-26.  The court reasoned:

17         While private plaintiffs understandably may be willing to compromise claims
           to gain prompt and definitive relief, the . . . settlement does not further the
18         broader national public interests represented by the Secretary and reflected
           in Congress's delegation of ERISA enforcement powers to the Secretary.
19         The national public interest in deterrence of asset mismanagement suffers if
           private parties can release claims against ERISA violators for negligible
20         financial recovery and thereby immunize plan trustees and 'parties in interest'
           from ERISA violations.  Furthermore, the public treasury is ill-served by
21         denying the Secretary the opportunity to assess civil penalties, expressly
           authorized by Congress to deter ERISA violations, as well as the occasion
22         to ensure that the Plan receives full value for the millions of dollars in tax
           subsidies.

23   Id. at 1426.

24         3.    Release

25         Defendants' third affirmative defense states, in pertinent part: "Plaintiff's claims are

26   barred because the subject ERISA Plans released all potential claims against Defendants."

27   The court finds that defendants have not alleged sufficient facts that would support a

28

United States District Court

For the Northern District of California

1   defense of release against the Secretary, such as facts demonstrating that the Secretary

2   (or anyone on her behalf) released the government's claims against defendants.  Instead,

3   defendants have merely pleaded a legal conclusion which is insufficient to withstand the

4   Secretary's motion to strike.  Accordingly, defendants' third affirmative defense is stricken.

5   Because this defense is predicated on the settlement of separately filed lawsuits instituted

6   by private litigants, this defense is STRICKEN WITH PREJUDICE, for the reasons stated

7   above.  See Herman, 140 F.3d at 1423-26.

8          4.     Estoppel

9          Defendants' fourth affirmative defense states, in pertinent part: "Plaintiff's claims are

10  barred by the equitable doctrine of estoppel."  "The elements of equitable estoppel are that

11  (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct

12  will be acted on or must so act that the party invoking estoppel has a right to believe it is so

13  intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or

14  she must detrimentally rely on the former's conduct."  Lehman v. United States, 154 F.3d

15  1010, 1016 (9th Cir. 1998).  In addition, when a party seeks to invoke the equitable

16  estoppel doctrine against the government, the party must show that the agency engaged in

17  affirmative conduct going beyond mere negligence and that the public's interest will not

18  suffer undue damage as a result of the application of this doctrine.  Id. at 1016-17.

19         The court finds that defendants have not alleged any facts that would support a

20  defense of equitable estoppel against the Secretary, such as facts alleging that the

21  Secretary engaged in affirmative conduct going beyond mere negligence or facts alleging

22  that the public's interest will not suffer undue damage as a result of the application of this

23  doctrine.  Instead, defendants have merely pleaded a legal conclusion which is insufficient

24  to withstand the Secretary's motion to strike.  Accordingly, defendants' fourth affirmative

25  defense is stricken.  Because this defense is predicated on the settlement of separately

26  filed lawsuits instituted by private litigants (and/or the fact that four of the subject ERISA

27  Plans did not suffer any loss), this defense is STRICKEN WITH PREJUDICE, for the

28

9

United States District Court

For the Northern District of California

1   reasons stated above.  See Herman, 140 F.3d at 1423-26.

2        5.    Laches

3        Defendants have indicated their intent to withdraw their sixth affirmative defense

4   based on the Secretary's argument.  However, because the equitable defense of laches is

5   not permitted in an ERISA enforcement action, see Herman, 140 F.3d at 1427, this defense

6   is STRICKEN WITH PREJUDICE.

7        6.    Accord and Satisfaction

8        Defendants seventh affirmative defense states, in pertinent part: "Plaintiff's claims

9   are barred due to accord and satisfaction of the claims."  An accord and satisfaction is the

10  "substitution of a new agreement for and in satisfaction of a pre-existing agreement

11  between the same parties."  Red Alarm, Inc. v. Waycrosse, Inc., 47 F.3d 999, 1002 (9th Cir.

12  1995).  The court finds that defendants have not alleged any facts that would support a

13  defense of accord and satisfaction, such as the substitution of a new agreement for and in

14  satisfaction of a pre-existing agreement between the parties.  Instead, defendants have

15  merely pleaded a legal conclusion which is insufficient to withstand the Secretary's motion

16  to strike.  Accordingly, defendants' seventh affirmative defense is stricken.  Because this

17  defense is predicated on settlement agreements entered into by private litigants, this

18  defense is STRICKEN WITH PREJUDICE, for the reasons stated above.  See Herman,

19  140 F.3d at 1423-26.

20       7.    Unstated Affirmative Defenses

21       Defendants' eighth affirmative defense states: "Defendants are informed and believe

22  and thereon allege that they presently have insufficient knowledge or information on which

23  to form a belief as to whether they may have additional, as yet unstated, affirmative

24  defenses, and reserve the right to amend or supplement their affirmative defenses in the

25  event that the discovery indicates that said affirmative defenses would be appropriate."

26       The court finds that this affirmative defense insufficient as a matter of law.  An

27  attempt to reserve affirmative defenses for a future date is not a proper affirmative defense

28

10

1   in itself.  See Reis Robotics U.S .A., Inc. v. Concept Indus., Inc., 462 F.Supp.2d 897, 907

2   (N.D. Ill. 2006).  Instead, if at some later date defendants seek to add affirmative defenses,

3   they must comply with Rule 15 of the Federal Rules of Civil Procedure.  Defendants cannot

4   avoid the requirements of Rule 15 simply by "reserving the right to amend or supplement

5   their affirmative defenses."  Accordingly, defendants' eighth affirmative defense is

6   STRICKEN WITH PREJUDICE.

7                                     **CONCLUSION**

8           For the reasons stated above, the court hereby GRANTS the Secretary's motion to

9   strike in its entirety.  Defendants' second, third, fourth, sixth, seventh and eighth affirmative

10  defenses are STRICKEN WITH PREJUDICE.  Defendants' first affirmative defense is

11  STRICKEN WITH LEAVE TO AMEND.  If defendants choose to amend the answer to re-

12  allege the first affirmative defense, they shall do so within twenty days.  The answer may

13  not be amended beyond what is permitted by this order.

14          **IT IS SO ORDERED.**

15  Dated: May 8, 2009

16

17                                                       _____

18                                                       PHYLLIS J. HAMILTON
                                                         United States District Judge

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

11