UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,  ) ) ) Plaintiff,  ) ) v.  ) ) ZENITH CAPITAL LLC, et al.,  ) ) Defendants.  ) ) | Civil Case No. C 08-4854 PJH  **[PROPOSED] ORDER GRANTING PARTIES' REQUEST TO PROTECT CONFIDENTIALITY OF CERTAIN DOCUMENTS TO BE PRODUCED BY ZENITH DEFENDANTS** |

Before the Court is a Stipulation To Protect Confidentiality of Certain Documents To Be Produced by Zenith Defendants, filed by Plaintiff Hilda L. Solis, the Secretary of the United States Department of Labor (the "Secretary"), and Defendants Zenith Capital LLC (including its predecessor entities Tasker Cooper Smith/Zenith Group Ltd., Tasker Cooper Smith/Zenith Group LLC), M. Jed Cooper, M. Gregg Smith, and Rick L. Tasker in *propria persona* (collectively the "Zenith Defendants").  The Court, having fully considered the parties' Stipulation and for good cause shown,

**IT IS HEREBY ORDERED** that**:**

(1) Zenith Defendants shall produce to the Secretary an electronic copy of all email messages, with attachments, for the time period January 1, 2001 through June 30, 2006, except those emails for which Zenith Defendants claim the attorney-client privilege.  Zenith Defendants shall provide a privilege log for any email dated prior to March 15, 2004, for which they claim attorney-client privilege, within 30 days of the Court's entry of this Stipulation and Order.

(2) Zenith Defendants have selected Digital Forensics, Inc., San Diego, CA ("Digital Forensics") to provide the services necessary under the terms of this Stipulation and Order. Zenith Defendants shall produce to Digital Forensics all email messages, with attachments, for the time period January 1, 2001 through June 30, 2006.  The Zenith Defendants shall produce the Outlook® file(s) in "Native" format including all metadata associated with the Microsoft Outlook® Personal Storage Table (PST) file(s).  The PST file(s) shall not contain any encrypted

1   information not in the original database, and shall include all email messages and attachments,
2   including any additional emails contained within the Zenith centralized email system, e.g.,
3   Microsoft Exchange, if used, and any other archive or backup, whether generated by the user or
4   system administrator.  Should any of the email attachments be password protected, passwords to
5   these files shall also be provided if presently known.  Digital Forensics shall copy to a new
6   electronic file all emails, with attachments, except those between Zenith Defendants and their
7   attorneys for which they claim the privilege.  The Secretary and Zenith Defendants shall each
8   pay $375 for the cost of Digital Forensics to create the new electronic copy.
9           (3)     The new electronic copy created by Digital Forensics and produced to the
10  Secretary shall contain all email messages, with attachments, for the time period January 1, 2001
11  through June 30, 2006, except those emails for which Zenith Defendants claim the attorney-
12  client privilege.  (The Zenith Defendants will provide the Secretary with a listing of the search
13  terms to be used in determining the emails for which the Zenith Defendants claim the attorney-
14  client privilege.)  The copy shall be in "Native" format including all metadata associated with the
15  PST file(s).  The PST file(s) shall not contain any encrypted information not in the original
16  database, and shall include all email messages and attachments, including any additional emails
17  contained within the Zenith centralized email system, e.g., Microsoft Exchange, if used, and any
18  other archive or backup, whether generated by the user or system administrator.  Should any of
19  the email attachments be password protected, passwords to these files shall also be provided if
20  presently known.
21          (4)     The Secretary, at her option, may supply a list of search terms to Digital Forensics
22  and counsel for the Zenith Defendants to be used by Digital Forensics to conduct a search of all
23  mail messages and attachments for the time period January 1, 2001 through June 30, 2006,
24  including those emails for which Zenith Defendants claim the attorney-client privilege.  Should
25  the Secretary request that a search be conducted by Digital Forensics, Digital Forensics shall
26  provide counsel for the parties with a spreadsheet showing the emails identified by the
27  Secretary's search, but the actual emails themselves will not be provided.  The costs associated
28  with any search requested by the Secretary will be paid by the Secretary.

(5) The total product of documents to be produced pursuant to this Stipulation and Order, including any spreadsheets created by Digital Forensics, is hereinafter referred to as the "Production."

(6) Although the electronic copy of the email messages produced by the Zenith Defendants in the Production will not be labeled "Confidential," except as provided in paragraph (7) herein or unless a document was also obtained by the Secretary other than in this Production, each document contained in the Production shall be considered a "Confidential Document."

(7) After the Secretary's counsel has concluded its review of the documents in the Production, but no later than 90 calendar days prior to the date set for the pretrial conference, the Secretary's counsel shall provide to counsel for the Zenith Defendants a copy of all documents from the Production which the Secretary intends to offer as evidence at trial.  Within ten (10) calendar days from receipt of such documents from the Secretary's counsel, counsel for the Zenith Defendants shall inform the Secretary's counsel in writing (by facsimile and email) of those documents to which the "Confidential" designation should remain in effect due to privilege or privacy concerns.  Documents for which no such notice is given to the Secretary's counsel shall no longer be considered confidential within the meaning of this Stipulation and Order. Within twenty (20) calendar days from receipt of the documents from the Production which the Secretary intends to offer as evidence at trial, counsel for the Zenith Defendants shall provide the Secretary's counsel with a copy of each such document stamped or otherwise clearly labeled as "Confidential."

Nothing in this Stipulation and Order shall prevent the Secretary from filing an appropriate motion with the Court to challenge the treatment of any documents the Zenith Defendants determine should remain "Confidential" due to a claim of privilege.  Any party seeking to file a Confidential Document under seal must do so in accordance with Civil Local Rule 79-5.

(8) Confidential Documents and information contained therein shall be used for purposes of prosecuting, defending, or attempting to settle this litigation only, and shall not be disclosed to the general public.

1     (9) Prior to completion of the actions set forth in Paragraph 7 above of this Stipulation and Order, Confidential Documents and the information contained therein shall be disclosed only to the Zenith Defendants, the Secretary, the Secretary's employees, counsel of record, counsels' employees, experts retained by the Secretary, experts retained by the Zenith Defendants, court reporters, and Court personnel, as necessary.  A Confidential Document may also be disclosed to a person who is named within it (but only those documents in which such person in named) for the purposes of prosecuting, defending, or attempting to settle this litigation.  The parties to whom Confidential Documents and the information contained therein are disclosed shall be subject to the provisions of this Stipulation and Order.

    (10) Prior to completion of the actions set forth in Paragraph 7 above of this Stipulation and Order, Confidential Documents and the information contained therein may be disclosed during depositions of those witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that concern or consist of the Confidential Documents shall be labeled "Confidential" by the court reporter and shall not be disclosed to anyone not authorized by this Stipulation and Order.

    (11) The Production shall not constitute a waiver of any applicable privilege or objection by any party.

    (12) This Stipulation and Order applies only to the specific documents produced by the Zenith Defendants in the Production.  Documents produced by any party, including the Zenith Defendants, prior to the Production or obtained by the Secretary from a source other than the Zenith Defendants are not subject to this Stipulation and Order, even if those documents are also produced as part of the Production.

**IT IS SO ORDERED.**

Dated:  11/1/10                                       _____
                                                             PHYLLIS J. HAMILTON
                                                             United States District Judge



CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2010 a copy of the foregoing [Proposed] Order Granting Parties' Request to Protect Confidentiality of Certain Documents To Be Produced by Zenith Defendants was filed electronically. Pursuant to General Order No. 45, Section IX.A, notice of this filing will be sent to all parties, except Pro Se Defendant Rick Lane Tasker, via the Court's electronic filing system. A copy of the foregoing will be served on Pro Se Defendant Rick Lane Tasker by email. Parties, except Pro Se Defendant Tasker, may access this filing through the Court's electronic filing system.

                                                                                                                                                  /s/

                                                                                 Wayne R. Berry  
                                                                                 Senior Trial Attorney